# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER JAMES CASTILLO,

     Plaintiff,

     v.                                     No. CV 12-0709 MV/LFG

SAN QUENTINE [sic] STATE PRISON,
WARDEN, DIRECTOR OF FACILITY,

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Under § 1915(b)(1), (2), Plaintiff must pay the full amount of the filing fee in installments. Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). For reasons set out below, the Court will transfer Plaintiff's claims against the Defendants.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was sexually assaulted by guards and an inmate while he was incarcerated at the San Quentin State Prison in California.  Plaintiff also alleges that he was again assaulted after being transferred to New Mexico.  The complaint names as Defendants San Quentin State Prison and the Warden/Director of that facility, apparently on an Eighth Amendment claim of failure to safeguard Plaintiff's well-being.  For relief, the complaint seeks damages and Plaintiff's release from custody.

This Court clearly has no jurisdiction of California corrections officials.  *See Stein v. New York Police Dep't*, No. 95-6141, 1996 WL 32135, at **1 (10th Cir. 1996); *and see Far West Capital, Inc., v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995) (diversity action).   Nothing in the complaint indicates any connection between the California Defendants and the State of New Mexico such that *in personam* jurisdiction could properly be exercised, *see McChan v. Perry*, No. 00-2053, 2000 WL 1234844, at **1 (10th Cir.  Aug. 31, 2000) (noting "no factual allegations that these defendants had any contacts whatsoever with New Mexico"), although the California Defendants could consent to this Court's jurisdiction, *see Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979) (explaining lack of personal jurisdiction "may be waived by the parties").   Furthermore, because no Defendant resides in this District and the alleged events giving rise to claims against them occurred in California, venue is improper in this District.  *See* 28 U.S.C. § 1391(b); *Flanagan v. Shively*, 783 F. Supp. 922, 935 (M.D. Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992); *Robinson v. Love*, 155 F.R.D. 535, 536 n.1 (E.D. Pa. 1994).  Under these circumstances, Plaintiff's claims against Defendants could be transferred to the Northern District of California under 28 U.S.C. § 1406(a), *see Chrysler Credit*

2

*Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1520-21 (10th Cir. 1991), or dismissed, *see Brown v. Cal. Dep't of Corr.*, No. C03-2526 CRB(PR), 2003 WL 21321362, at *1 (N.D. Cal. June 4, 2003); *Robinson*, 155 F.R.D. at 536 n.1.

The Court of Appeals for the Tenth Circuit has noted several factors that this Court should consider in determining whether to transfer or dismiss claims against non-resident Defendants. *See Trujillo*, 465 F.3d at 1223 n. 16. The first of these factors is whether a new action against those defendants would be time barred at this point. *See Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). The alleged events giving rise to Plaintiff's claims occurred in 2010, and it is assumed for purposes of this order that a new complaint against the California defendants is time-barred at this point.

Another factor is whether Plaintiff's claims against the non-resident defendants "are likely to have merit." *Trujillo*, 465 F.3d at 1223 n. 16; *Haugh*, 210 F.3d at 1150 n. 4. The complaint implicitly alleges that the California defendants failed to protect Plaintiff from sexual assault by corrections officers and other inmates. The Court expresses no opinion as to the ultimate merit of Plaintiff's claims, but these allegations clearly survive scrutiny under 28 U.S.C. §§ 1915, 1915A, and Fed. R. Civ. P. 12(b)(6).

A third factor is whether the instant action against the non-resident Defendants was filed in good faith.[1] *See Trujillo*, 465 F.3d at 1223 n. 16; *Trierweiler v. Croxton & Trench Holding Co.*, 90 F.3d 1523, 1544 (10th Cir. 1996). Plaintiff provides no information of whether he has previously

---

[1] On the questions of meritorious claims and Plaintiff's good faith, the Court notes that according to the Courts' PACER Case Locator Service, https://pcl.uscourts.gov/, Plaintiff has filed approximately 24 prisoner complaints in Federal Court in California, almost all of which have been dismissed for failure to pay the filing fee or file a completed IFP application. Also, in *Castillo v. Vitale, et al.*, No. CV 12-0295 JP/WDS, Doc. 20 (D.N.M. Oct. 30, 2012), Plaintiff recently filed a notice of change of address indicating that he is currently housed at the New Mexico state mental hospital.

attempted to litigate claims against the California Defendants in another forum and whether he "either realized or should have realized that the [New Mexico] forum . . . was improper." *Trierweiler*, 90 F.3d at 1544.  Nonetheless, if these claims are severed and transferred to California, *see* Fed. R. Civ. P. 21; *F.D.I.C. v. McGlamery*, 74 F.3d 218, 222 (10th Cir. 1996), the California court can expeditiously apply the doctrine of res judicata.  Because the first two factors weigh in favor of transfer rather than dismissal, the Court finds that in the interest of justice, *see* 28 U.S.C. § 1631, Plaintiff's claims against the named Defendants should be transferred.

Plaintiff will be allowed to file an amended complaint in this Court naming individuals responsible for the alleged violation that occurred in New Mexico.  Failure to amend may result in dismissal of this action.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that, under rule 21 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1631, Plaintiff's claims against the named Defendants are hereby SEVERED from this action and will be TRANSFERRED to the United States District Court for the Northern District of California;

IT IS FURTHER ORDERED that, within twenty-one (21) days from entry of this Order, Plaintiff may file an amended complaint; and the case will remain open pending further order.

_____
UNITED STATES DISTRICT JUDGE